has a three cases that are scheduled for argument this morning. First case is Carter v. McDonald. Mr. Carpenter. Thank you, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Harmon Carter. This matter, this appeal deals with two issues. First, whether the board's failure to notify Mr. Carter's counsel of the opportunity to submit evidence and participate in the board proceedings on remand violated the fair process doctrine. Second, whether or not the rule of law created in this case by the Veterans Court regarding joint motions for remand conflicts with this court's precedent and with the board's regulatory duties. What is your view, counsel, of the fair process doctrine in view of the discussion that took place in Sprinkle v. Shinsesuke? Well, in Sprinkle, Your Honor, I believe they were dealing with a situation that is distinguishable from the situation in this case. This case, I believe, is closer to the circumstances in Cushman in which you have a mistake that was made by the agency. The mistake in Cushman had to do with altering documents. The mistake here had to do with giving notice to a prior representative and then conducting the proceeding before the board on remand with that prior representative identified in the proceeding as the representative and then giving notice to that representative and not the actual representative. So I don't believe that there is anything in the Sprinkle decision that precludes this court from following the precedent in Cushman and finding that this was a denial of fair process. In this case, Your Honor, we believe that the receipt of Mr. Carter's claims file as curing the board's notice error is simply not consistent with the opportunity to meaningfully participate in the proceedings. Having received the claims file has nothing to do with the fact that the proceedings before the board on remand were noticed to the requires the 90-day notice? There is not a specific regulation, Your Honor. The only regulation that comes close is the regulation that pertains on the way up. However, the problem here... Am I correct that there is an agency practice, though, with respect to the 90-day? There is. Why should we treat that agency practice as if it was a regulation or something on which you can pin a due process argument on? Well, because, Your Honor, whether it is in fact a regulation or merely a practice, when the case comes back before the board, there has to be some transitional process in which the parties are notified that the matter is going to proceed. This case deals with a remand from the Veterans Court to the board. When the board gets that, the board is literally in isolation to counsel. Counsel has no idea. There is no clerk's office. There is no opportunity to access the veterans law judge that is assigned by appellant's counsel. Appellant's counsel are strictly dependent upon notice from the board, and traditionally that notice has been the same as the 1304 notice, which is you have 90 days to submit additional evidence. And, in fact, the Kucherowski case, that the joint motion specifically referenced, says in terms you get 90 days. That's correct, Your Honor. And the remand order incorporated that. Kucherowski in this case. That's correct. I'm not sure one needs a regulation when the remand order indirectly incorporated a case that said you will, in fact, have 90 days. That's correct, and it certainly arises to a clear expectation on the part of counsel that that notice is going to be provided. Is that case cited with respect to notice as to when the appeal begins to run or the length of the time available in which to submit the new evidence, or is it goes to just submitting additional evidence in general? Well, I think it frankly goes to both, Your Honor. As I was trying to point out earlier, the problem here is when the case restarts on remand. When the board gets the case coming up, there is the 1304 notice, and that puts all of the parties to the appeal on notice that the matter is going to proceed to a decision. There is no comparable proceeding other than the Kucharowski notice that is part of their general practice before the board to restart, if you will, the appellate process on remand. I guess the portion of Kucharowski, which is page 372, which is cited in the joint motion for remand, says in every case in which the court remands to the board a matter for adjudication or re-adjudication, unless the court specifically provides to the contrary, an appellant is entitled to 90 days from the board's mailing to the appellant a post-remand notice to submit additional evidence and argument. It seems to me I'm not sure how that could be clearer. I don't think it could be clearer, Your Honor, and that's not what happened here. There was never any notice. And even when the claims file was received, just put aside any difficulty, which I can't quite tell whether there really was in the record or not, that the letter might have been, I don't know, buried in the claim file. Forget about that. The fact is, the claim file wasn't received until the deadline was already passed. That's correct, Your Honor. Are you aware of any authority in this context or other for giving notice of a deadline after the deadline has passed? No. And frankly, it would be absurd to suggest that after the deadline has passed that somehow you are put on actual notice and can go back and do something effective. Now, there certainly isn't any question that if counsel had tried to take some active role in this as opposed to being reactionary and dependent upon what was in the order of remand, then clearly there might have been a different outcome. By might you mean that it would have been at least within the Board's discretion to disregard the explicit command of the 90-day letter, you have 90 days, no more, but it would have been only a discretionary matter, but still it would have been a discretionary matter. Well, actually, Your Honor, it seems to me that once counsel put the Board on notice, then I think the Board then would be obligated to follow the Court's order. To say to the Court, I've discovered in the claims file that apparently notice went out to the disabled American veteran representative. And in that context, the counsel might have then taken the initiative and said to the Board, you have to give me notice and give the client notice as required by that joint remand order and start the 90 days all over again. But that's not what happened here. Why not? I mean, the counsel did eventually get the notice. Why did the counsel not do that? She eventually got the notice. She got the copy of the letter and she got the claim file or the record. So at that point, then why didn't counsel notify the Board, wait a minute, where's my letter? Is it set? Do I still have 90 days or is it 67? I don't think I can candidly advise the Court as to why no action was taken other than the fact that this was a genuinely inexperienced counsel whose first case was this case before the Court. But counsel, that's the client's problem, not ours. No, Your Honor. The client picked his counsel. And I was puzzled on where this dialogue has occurred because I was puzzled why counsel is not responsible for two things. One of them, she presumably knew there had been a remand because she joined in the joint motion and yet she did nothing to find out what had happened to it until she got the file, which was after the 90-day period had run and even later she finds that letter and then she doesn't do anything. Well, with all due respect, Your Honor, I don't believe that the receipt of the file and the fact that this letter was in the file was part of counsel's understanding of the process. Counsel was relying upon the Cucarachi direction in the joint remand that was at the time the Board gave her notice. Of what? Of the opportunity to submit evidence and additional argument. After the remand had arrived back at the Board. That's correct. Well, she knew when the remand arrived back at the Board. No, she didn't. There is no process in place in this system for counsel to be notified when the file has been retrieved. She received the file and in the file was a copy of the letter. That's correct. So isn't that notice at that point? No, Your Honor. Because A, as Judge Serrano correctly pointed out, it was after the time period had ended from that notice, but more importantly, it was not noticed to her and it was not evidence. It was noticed that the remand process was in play. That's correct, Your Honor. So then she looks at that and says, gee, how much time do I have left? And I believe it was 67 days she had left. Why didn't she submit any evidence after that point? Because that presupposes that counsel understood the significance of that and actually discovered it. She certainly had the opportunity to discover it. Are you saying that she looked at the letter and couldn't tell from the letter that this was her case? I'm saying there is no evidence in this record and it is my understanding that although she acknowledged the letter was in the file, that she did not recognize She did not read the file, so she had no knowledge of what was in it. Well, she may have read the file, Your Honor, but having read the file, and these are lots of pages, I can't remember the number of pages in this particular file. Roughly what? I mean, what are we talking about? This or this? Well, generally cases that run at least 500 to 1,000 pages and sometimes they can be 3,000 to 5,000 pages. Your time is running low, counsel. Do you want to talk about your other point, which is whether the joint motion for me In fact, you have run into your rebuttal time. Do you want to reserve it? I'll give you additional time because of our questioning, but why don't you answer Judge Clare's question and I'll restore some of your time. The rule of law created by the Veterans Court limits the obligation in contradiction to this court's decision in Robinson of the Board. I want to be sure I understand exactly what you're concerned. That seems to me to be a major issue beyond just the facts of this case. Are you challenging the decision of the Board or are you challenging the remand decision of the Veterans Court? The remand decision, Your Honor? You're challenging what the Veterans Court said. Yes. On remand. On a rule of law. In the remand. Yes, but there was no remand in this case because they affirmed. I'm just wanting to be clear that this rule applies to bar, in this case, Mr. Harmon, from presenting additional argument for the first time in court in the particular circumstances of this case, and then created a rule that said going forward, no counsel will be able to do that. They'll be limited by the terms of the JMR. But the original remand order to the Board had language in it saying, look at everything in the record. Yes. So did the Board fail to do that? Yes. That there were issues. Are you challenging what the Board did or are you now challenging what the Court of Appeals did when it came back up to that? Counsel below, in the presentation of those arguments, attempted to do that and argued that these issues were reasonably raised. We are challenging the Veterans Court decision that creates a rule of law that says that the joint remand can limit the obligation of the Board on remand. That the terms of a joint remand will prevent the Board from carrying out their duties under Robinson. But, counsel, you have a small problem, which is that the terms of the joint remand, on remand, the appellant should be free to submit additional evidence and argument regarding his claim. Further, the Board should fully assist the appellant with his claim by reexamining the evidence of record and seeking any other evidence that is necessary to support its decision. That was the terms of the remand. That's right. So there is no issue about a remand limiting what the Board could do. You might challenge what the Board did, but you didn't do that. I don't understand. I'm sorry, Your Honor, I respectfully disagree with your analysis. What happened here was that that was in the first remand order. Right. When that remand order got back up to court after the Board made its new decision with the DAV as the representative, the arguments that were intended to be presented by Ms. Van Hoos were not presented. The arguments to the Board or to the court, which included an issue that there were issues reasonably raised that by the very terms of that joint remand should have been addressed by the Board, and that that was clear error. I think this is the same point. The original remand order expressly gave you the authority to submit new evidence. Correct. Anything that the Veterans Court said in the ruling directly under review later about circumstances in which the remand order would or would not affect the Board's authority could not possibly adversely affect you because the remand order in this case said you get to put on new evidence. So this may be an interesting issue, but not in this case. It's all dicta. Everything the Court said when it came up the second time is pure dicta. Why? Because its first remand order, as Judge Toronto has just explained, covered the whole world. So there was no limiting remand order for the Court to talk about. Under their discretion, the Veterans Court refused to consider the arguments of error presented for the first time that had not been presented that were authorized to have been presented because there was no notice. That's the notice question. No, it's not the notice question, Your Honor, because when the issues were then presented to the Court, the Court refused to hear them. The Veterans Court refused to allow Mr. Carter's attorney to present those issues for the first time before the Court. They should have been presented to the Board, not to the Court, and then appealed to the Court. And this is a chicken and the egg, Your Honor. The reason that they couldn't be presented was there was no notice. Ms. Van Hoos intended to present those issues to the Board, but was not given an opportunity to present them. Let's hear from the government, and I'll restore three minutes of rebuttal time. May it please the Court, because I sense we'll spend most of our time on I understand counsel's argument, but the answer to it is found at pages 12-4 of the JA, which is the Veterans Court's decision. Let me just kind of summarize here. Judge Plager, you're right. The remand order that sent it back incorporated basically the teachings of Robinson by saying if there is something unreasonably raised, the Board needs to do it. So at that point, then, the Board is on notice that it needs to do that. But when it comes back up, the argument was made that the Board didn't do that. And that's where, in looking at what the Board did, the Veterans Court said, well, you can look at a JMR for pointers as to what the Board was supposed to do. But what the Veterans Court also did was to determine whether the Board erred in not addressing these issues to the extent that they were and that's the JA 12-14 analysis. And that, I think, answers counsel's second question, which is, as you indicated, Your Honor, the Board did get the proper remand order. The only question thereafter, putting aside this whole notice question, would be if an issue was reasonably raised. And if the Board didn't look at an issue reasonably raised, perhaps they would have been in violation of this Court's teachings in Robinson. But the Veterans Court actually confronted that issue at pages 12-14 of the JA and said, no, these issues were not reasonably raised, so there's no violation of Robinson. I think that answers the second issue. So you're agreeing with counsel that the key to the whole question, we can ignore what the Court said on the second round because we can focus on what the Board failed to do. The Board failed to take up the additional arguments that Ms. Van Hoos wanted to bring. And the reason they failed to do that was because Carter and his lawyer never got notice that this is what the Board was about to do. So it all comes back to the notice problem. Well, that's a fair characterization of the first issue. But it makes the second issue understandable. Otherwise, what the Court said in the second issue makes no sense at all. Well, let's just say that she had notice. In a different case, let's say she had notice. And so the issue was simply she didn't raise the particular argument herself. There's no notice excuse that she could raise to explain why she didn't raise it. But under Robinson, if an issue was reasonably raised by the record, notwithstanding silence by the objector, even if she didn't raise it, then the Board under Robinson, well, there's one little caveat. The real problem in this case is the failure of the Board to have taken up all of the issues that the record presented. Well, that could be a problem. Now, there's two issues with respect to that. For purposes of this case, I don't think the Court needs to worry about it, because as it stands, the Veterans Court actually undertook the analysis that's required by Robinson to determine whether those issues were reasonably raised. In other words, to determine whether the Board did err. And it found, at pages 12 to 14, that they did not err. Now, there's another question about Robinson that we raise in our briefs. But again, I don't think the Court needs to deal with this second issue at all, because even assuming that Robinson applies to the remand proceeding, and that's the challenge we raise, the Veterans Court here applies it. So there's no adverse consequences. And the Court would simply be offering an advisory. You're arguing somewhat of a harmless error here. Should we revisit and take a look at this new rule? In an appropriate case, then I can advise the Court that there will be some of those coming. It's not appropriate now, because... I think the Court would be acting in an advisory capacity at this point, because there's no harm to the individual, because all the Court could do is to say, well, the Veterans Court should... I mean, excuse me, the Board should have looked at something reasonably raised. And they would say, did the Veterans Court consider that, and did they look to see whether those issues were reasonably raised? Well, they did in this case. Well, it seemed to me, too, that the joint motion for remand also said all other issues will be considered... See, that's one of the fatal weaknesses of the case in this particular case. The argument about the remand... Fatal weakness for the government. No, not the weakness for bringing it to this Court's attention at this time, because the idea behind the JMR argument is that the JMR can act as a limiting factor. I don't think that the Court actually says the limiting factor. I think it says it's an informative factor. But in this particular case, because the JMR specifically required the Board to do this, it kind of takes the Robinson issue right off the table. So, turning... So, obviously something went wrong in this case. Now, what is it that you think... If you were arguing for him, what is the thing that you would... Clearly, Mr. Carter did not get what he was entitled to. What is it he didn't get that he's entitled to? I will just say, to respond to that, and I will do what you ask, Your Honor, and I will try to play. But I will say, as the Court noted below, there's actually no dispute in this record that Mr. Carter didn't get any of the notices. He actually did get the notices. Mr. Carter had a lawyer. The Board knew who the lawyer was. Mr. Carter can reasonably rely on the lawyer to get notice and take care of things. She didn't get the notice before the deadline stated in the letter had passed. That's the problem. And she got the... Let me just... Factually, I'm not sure the Board knew that she was the lawyer. The Regional Office knew, and the Veterans Court knew. And that was what led to the delay in her getting the notice. Because the Regional Office got the notice that she had taken over, had to transfer that notice to the Board who had the record. And then when the Board got that notice... There's no dispute as the case comes to us, right, that the Board in sending it... You don't say... No, no, no. You don't say there was no notice problem because... Well, there's absolutely a notice problem. Okay, all right. Absolutely a notice problem. The question for this Court is, in dealing with the notice problem, did the Veterans Court err? Now, the Veterans Court looked at the notice problem and said, yes, we agree she didn't get the letter when she should have, but she actually did get the letter before the Board issued its decision. And yet, waited 18 months or 12 months at that point to do anything about it. She had an absolute right under the letter... For 90 days. For 90 days, which had run by the time she got the file in December. That kind of depends on how you read the order, because if the order is read 90 days from receipt of the 90-day letter, then she had a 90-day letter... That's not what it says. It says the mailing, expressly says the mailing. To the appellant, actually. And so there's no dispute that Mr. Carter did get the notice here, but his counsel didn't, and I accept that. There's no question that she could have done more. She could have been, what's the word, proactive. The question is, does that render harmless the, I think, clear notice violation where she did not, in fact, get sent by the Board the notice of the 90-day period until the 90-day period has come to an end? And I don't even think that the Veterans Court squarely faced that question. It talked about some other things, like the Matthews case, which wasn't about notice of a deadline once the deadline had run. That was a case about notice in August of whatever it was started the clock. So the time had not run. Even completely putting aside the question of whether this was a 12,000-page plain file and the letter was hard to find, let's assume she got it in December. It was too late for the absolute right to put on the evidence. How is that harmless? Well, if I were her, well, no, I'm not going to argue this for her because this hurts her, but you're focusing on the date of the letter of the notice, right? And a reaction I have to your question, Your Honor, is where does it say that in Kucherovsky? So she gets 90 days from the date that the notice is mailed to her. Well, the date in this case is like December of 2010. It was part of this other letter, the cover letter containing the record. Has the Board ever indicated that the 90-day from the mailing of the letter is not from the mailing to the appellant but rather the mailing to the lawyer? I don't know if the Board has ever said that, but I can say that that appears to be a consideration taken into account by the court in this case where counsel conceded before the court that she was in receipt of the letter in December 2010. Wait a minute, wait a minute. What letter was she in receipt of? She was in receipt of the letter to the lawyer. There was never a letter mailed to Miss Van Hoose. No letter was mailed. The 90-day letter was not contained there. She was never in receipt of a letter to her at any time because it was mailed to the wrong lawyer in the wrong address. It happened to be in the file when she looked at it and whatever she made of it, it's hard to tell from the record. The 90-day period technically doesn't run until the letter is mailed to the proper person. Isn't that right? That would appear to be a rule of law created by the Kucharowski decision. It's not a regulation that applies, but if the court were to go down this road, you would be looking at Kucharowski, not 20.1304, which does not apply. Whatever it is we're looking at, everyone, including you, assumes that the 90-day period runs from the mailing of the letter to the person to whom it's supposed to go. It was supposed to go to Mrs. Van Hoose. The fact that the board and the court never talked to each other and the clerks got the name screwed up is not her problem. That's the administration's problem. I think, though, what you have in this case is a Veterans Court decision which says that's true, there was a notice problem here. But they looked at the rest of the record and determined that she did not act diligently and so therefore they were not going to basically remand for reconsideration of these newly raised issues. What's the form? I couldn't quite understand what the Veterans Court was doing. Let's assume she did not act diligently even and include that word. That doesn't seem to me to be an analysis of harmless error of a clear notice violation. I think they looked at it more as a generic due process approach. Did she have an opportunity to meaningfully participate in the board process? And they held that she did. That she had the opportunity because she could have requested the board to exercise its discretion to waive the quite explicit 90-day deadline in the letter having received notice of that after the deadline passed. Is there any harmless error case that goes like that? That argument is not out of thin air, Your Honor, because Kucheroski relies on 20.1304 for the 90-day rule. 20.1304 has a good cause exception which specifically allows people to submit evidence to the board and argument after the expiration of the 90-day period if they can establish good cause. Now, not getting notice generally is good cause. So the Veterans Court has a strong basis to say the whole logic underpinning Kucheroski supports a finding that if she never got the notice, she could clearly meet any kind of good cause exception that the board might consider. So, yes, she could have come in after the 90 days, after never having received a letter and said, look, I never got this letter. I have evidence and argument. And the board, as the Veterans Court found and held in this case and essentially could be treated as a rule of law on this case, said, yes, she would have been able to come in after the fact given the evidence. The board would have been required, as the Veterans Court said in this case, required to take that up until the time she… My recollection is that the Veterans Court did not say the board would have been required to take the evidence. I think it said only that the board would have been required to consider her argument when she threw herself at the mercy of the board and said, it's too late, but please consider it. I think that's what she was arguing about before then. I mean, it looks like she was characterizing these things as arguments. Pages 12 or 13 or something. That's where they do the analysis of whether the issues were reasonably raised. But at the last few pages, 15 and 16, they talk about the timing of it all. And that's where they talk about… More 16 where they're talking about they found that her appeal to the court was timely because it was based upon the fact that she received the appeal in December 2012. Right, but there's a different rule about timeliness of appeal and when those clocks start. This letter from the board, which she didn't get until December, said you have to submit evidence within 90 days of our mailing of this letter to Mr. Carter, which was early August. That time ran in early November. Assume that when she got the claim file in December, she studied it and looked at it. It may not have been the most zealous thing to do, but really for her, you're saying she had to read this and say, oh, well, the letter says one thing. I know that we can basically get relief and count on that as a ground for harmless error of the failure of notice. I don't think the Veterans Court goes that far. Page JA-15, final sentence, and it goes on to the top of JA-16. This is a statement by the Veterans Court. Whether by error or admission or a conscious decision not to act, she simply did not do so. During the 12-month period between December 2010 and 2011, Attorney Van Hoose could have raised arguments to the board and the board would have been required to consider them despite the board's issuance of its decision during that period. That's what they're saying. It doesn't use the term evidence. It says... I mean, Your Honor, we're talking about... The trouble is what seems to be going on here is a kind of backfilling to simply excuse a really quite plain notice violation, saying, well, she could have done a variety of things that she was not required to do even though we messed up in not giving the notice. I think what the Veterans Court did here, and it's entirely within its discretion to do, is to look at the totality of the circumstances. Neither party performed admirably in this. When you get a claims file and don't bother to look at it for 12 months, that's not good, and neither is sending the notice to the wrong address. Neither party acted admirably. But what the Veterans Court held here in this case is ultimately there were tools available for Attorney Van Hoose to properly cure the problem, and she didn't take advantage of them to the Veterans Court. That tilted the scales, and I just want to add to Your Honor, in reading the rest of the paragraph on page JA-16, the conclusory sentence says, therefore neither Mr. Carter nor counsel were prevented from presenting additional argument or evidence but rather opted not to do so. So I don't think on this decision we can find that the Veterans Court dealt with anything but both the argument and the evidence in hell that she had because of their interpretation of their rule of law in Kuchakowski and their interpretation of how 1304 and its language would apply in this situation. She had the right, given the failure to receive the notice, to go to the board after the 90-day appeal ended, after the 90-day appeal started and ended, and submit evidence, and as the Veterans Court said in this case, the board would have been required to consider it. Counselor, you're over your time. I can give you two minutes if you need it. Unless the court has any questions. Do you have any other questions? No. Thank you very much. May it please the court. I'd like to try to give a little more context to this case because it seems to me that one of the things that the Veterans Court did not consider in its represented totality of circumstances analysis is the fact that much of what has been discussed here is supposition about what Ms. Van Hoos could have done. Now what in fact Ms. Van Hoos did was when she was informed 11 months after the board decision was made was to file a notice of appeal with the Veterans Court. Clearly that filing was untimely. The secretary moved to dismiss the appeal because it was untimely. When the secretary was informed that the notice did not go to Ms. Van Hoos but in fact went to the disabled American veterans, they withdrew the motion. So all of the supposition about what she could have, might have done is not relevant to the firm, clear obligation under Kucherowski to give notice to the attorney that was the actual representative. That attorney never got the notice. This case should have never been taken up by the Veterans Court. Your opponent is saying that had she gone to the board and said look I never got notice, there's a good cause for you to reinstate the 90 days that it would have been given to her, but that that never happened. And that presupposes knowledge on her part that A, she understood the meaning of the notice that was in the claims file and B, that she made a conscious decision not to do that. There is no evidence in this record to that effect. That is an assumption, that is mere speculation about in 20-20 hindsight, the undeniable process. Are we looking at whether she had the opportunity in order to be heard not whether she was heard or not. And the opportunity is controlled by Kucherowski and by the rule of law created in Kucherowski. What the government responds, Mr. Carpenter, seems to be that the court, the Veterans Court on the second round concluded that the board had done what it would have done had she appeared timely with whatever additional matters she had because the board did what the remand said which was to look at the whole case. And the board looked at the whole case and said no. And the Veterans Court said okay, we'll look at the whole case and see if the board did it right, and we do. Basically making Carter's counsel somewhat irrelevant but nevertheless giving Carter all that fair process requires him to get i.e. no harm, no foul. What's wrong with that response by the government? What's wrong with that response by the government is that that took place in an adversarial arena. What was supposed to have taken place was supposed to have taken place in a non-adversarial arena. These arguments that were presented by Ms. Van Hoos to the court should have been presented to the board in a non-adversarial context. And the board, it is in my view totally inappropriate for the court to imagine what might have happened had the board done that. That goes beyond the bounds of judicial review. They're not reviewing a decision. They're reviewing a decision that didn't happen based upon arguments and evidence that were not presented. But we're not being asked to speculate on that point. The government is saying by law this is what we would have done. By law. But by law they were required to give notice. By law they didn't give that notice and as a consequence the entire process was tainted before the board. And the court used the adversarial context at the court to justify its decision about an event that happened in a non-adversarial context. So you're raising a due process claim. Yes. And that goes to the opportunity to be heard. And your claim was not heard. But the question in my mind is did she have the opportunity to be heard? And she did have the opportunity to go to the board and say, look, I have a problem here. I have a notice problem. I want you to restore my 90 days. And the government is saying had that happened she would have gotten the 90 days. So it seems that there was the opportunity to be heard. And that works to undermine your due process claim. There's a good cause claim here. But that's not before us. Your Honor, I think what distinguishes fair process from due process is that it has to be looked at through the lens of the pro-veteran scheme. And this pro-veteran scheme is about what was supposed to have happened at the board. What was supposed to have happened at the board was a meaningful opportunity for Mr. Carter's counsel to have participated. That just simply didn't happen. And all of the supposition about how she could have done something does not erase that denial of due process and that denial of a fair process in a non-adversarial arena. Yes, Joe. I could, I can, if one read the Veterans Court material that Mr. Hockey was talking about, 15 and 16, as a kind of harmless error or something discussion. Because starting from December 2010, when maybe one could say that the lawyer had constructed notice of the letter and one could hold her to that. And then even though the deadline had passed, she could have approached the board and had 67 days. I mean, she didn't know what the time was going to be, but in fact had 67 days before the board actually ruled. And surely the board would have taken and fully considered the evidence without any difference from how it would have done had it been submitted on day 70. Was that kind of good cause as a matter of law established in the law before this decision? And what, if anything, can you tell us about the general experience in practicing before the board about whether everybody really ought to have known that and this is not some after-the-fact justification or whether she really could have counted on that? And you have limited time, Tim. Yes, and I'm sorry. You've asked me a lot of information. I'm sorry. But go ahead and answer the question as much as you can. As best as I think I'm able. It is accepted practice that, if you will, the proceedings before the board on remand do not commence anew until you've received the notice. And to that extent, I believe that that is both common practice by the board and accepted practice by counsel. To that extent, then, I think it does then create an expectation that there is nothing I need to do, which is probably not a valid assumption, before I get that notice. And therein, I think, lies the potential rub here. But, Your Honor, I think we're missing the point about the nature of this violation of fair process in a system that is supposed to be non-adversarial. We're not supposed to be playing gotcha. And the error here was in failing to give notice. Okay. And once that started... I think we have just your argument. Thank you very much.